JS 44 (Rev. 12/12) (Modified by FLSD - April 29, 2013)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** LIVING COLOR ENTERPRISES, INC, a Florida corporation

**DEFENDANTS** AMARNATH NUGGEHALLI, an individual

**(b)** County of Residence of First Listed Plaintiff  Palm Beach County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bartlett Illinois
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Roetzel & Andress, Vijay G. Brijbasi, Esq.
350 East Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question *(U.S. Government Not a Party)*
☐ 2 U.S. Government Defendant
☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed (See VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Remanded from Appellate Court

**VI. RELATED/ RE-FILED CASE(S)** *(See instructions):*
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☒ YES ☐ NO
JUDGE MARRA/MATTHEWMAN    DOCKET NUMBER 14-62216

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. § 1125
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
DATE 1/25/16
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    IFP    JUDGE    MAG JUDGE

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| LIVING COLOR ENTERPRISES, INC., a Florida corporation,<br><br>*Plaintiff(s)*<br>v.<br>AMARNATH NUGGEHALLI, an individual<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*  AMARNATH NUGGEHALLI
1569 Southgate Rd.
Bartlett, Illinois 60103-2081

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
VIJAY G. BRIJBASI, ESQ.
ROETZEL & ANDRESS, LPA
350 EAST LAS OLAS BLVD., SUITE 1150
FORT LAUDERDALE, FL 33301
PHONE: (954)462-4150

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____   _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____
                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LIVING COLOR ENTERPRISES, INC., a
Florida corporation,

    Plaintiff,

vs.

AMARNATH NUGGEHALLI, an individual.

    Defendant.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, Living Color Enterprises, Inc. ("Living Color"), by and through its undersigned counsel, hereby sues Defendant, Amarnath Nuggehalli ("Nuggehalli") and alleges:

**PARTIES AND JURISDICTION**

1. This is an action for: (a) trademark infringement; (b) unfair competition arising under 15 U.S.C. § 1125(a); (c) unfair competition arising under the common law of the State of Florida; (d) aiding and abetting breaches of fiduciary duties; (e) tortious interference with advantageous business relationships; and (f) misappropriation of trade secrets.

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's claims for violations of the Lanham Act, Title 15 of the United States Code, arise under federal law. In addition, jurisdiction over all claims is proper under 28 U.S.C. § 1332 because there is a complete diversity of citizenship between the Living Color and Nuggehalli. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law

claims because those claims are so related to the federal claims that they form part of the same case and controversy.

3. Venue is proper in this District.

4. Living Color is a Florida corporation with its principal place of business in Broward County, Florida.

5. Nuggehalli is an individual residing in the State of Illinois and is subject to the general and specific jurisdiction of this Court by virtue of his general partnership and/or joint venture with Aqua-Tech Co., giving rise to a continuous, systematic, and substantial presence within this Judicial District including by offering for sale and selling infringing products in this Judicial District, and by committing acts of trademark infringement, unfair competition, and tortious acts in this Judicial District, which acts form a substantial part of the transactions, occurrences, events and omissions giving rise to Living Color's claims. Nuggehalli exercised significant financial and operational control over Aqua-Tech Co. at all times and on all matters relevant to this matter and is liable for Aqua-Tech Co.'s actions as a general partner and/or joint venturer.

6. Nuggehalli is subject to the personal jurisdiction of this Court pursuant to § 48.193(1)(b), Fla. Stat., because Nuggehalli has committed tortious acts within the State of Florida; and pursuant to § 48.193(2), Fla. Stat. because Nuggehalli is engaged in substantial and not isolated business activities within the State of Florida.

## GENERAL ALLEGATIONS

7. New Era Aquaculture, Ltd. ("New Era") was a premium marine foods manufacturer which developed a unique process for manufacturing high-quality and nutritious marine animal food.

8. Prior to 2009, New Era had no avenue for marketing and/or distributing its products in the lucrative North American market.

9. On or about August 10, 2009, Living Color and New Era entered into a business relationship in which Living Color became the exclusive distributor for New Era products in the United States (the "Business Relationship").

10. Along with entering into the Business Relationship, New Era relinquished ownership of the trademark rights for NEW ERA (the "Mark") in the United States to Living Color.

11. As a result of Living Color's investments with respect to the Business Relationship, New Era developed significant goodwill in the United States. The Mark and its associated products developed a reputation for quality within the industry and the Mark became an established, high-tier brand of marine animal food.

12. On or about January 10, 2011, Living Color hired John T. O'Rourke ("JT") and eventually promoted him to be its Sales Manager for its marine animal food business, placing him in a position of trust and thereby entrusting him to lead operations with respect to the Business Relationship, to which JT assented.

13. On or about April 2013, Living Color hired Daniel Leyden ("Leyden") to be its East Coast Regional Sales Representative, placing him in a position of trust and thereby entrusting him to be secondarily responsible for operations with respect to the Business Relationship in the eastern United States, to which Leyden assented.

14. JT and Leyden further developed the Mark and associated products on behalf of Living Color pursuant to the Business Relationship as Living Color's primary and secondary, respectively, contacts for Living Color's customers and New Era.

15. Although it was unaware of such at the time, it has come to light that the general partnership of Aqua-Tech Co. and Nuggehalli (collectively, "Aqua Tech"), New Era, JT, and Leyden actively worked in concert and met with each other as early May 2014 to develop a scheme to unlawfully terminate Living Color's relationships with New Era, JT, and Leyden.

16. On May 10, 2014, Aqua Tech, New Era, and JT (at his personal email address) exchanged emails outlining a plot to divest Living Color of the Business Relationship, Living Color's relationships with JT and Leyden, and Living Color's customers and other trade secrets. Essentially, Aqua Tech, New Era, and JT determined to completely misappropriate the business that Living Color had spent five years developing, leaving it with nothing—not even its key employees. A true and correct copy of the May 10, 2014 email is attached hereto as **Exhibit "A"**.

17. On September 5, 2014, New Era terminated the Business Relationship. A true and correct copy of the September 5, 2014 termination email is attached hereto as **Exhibit "B"**.

18. On September 5, 2014, JT terminated his employment with Living Color, stating that he had accepted employment with New Era. A true and correct copy of JT's resignation letter is attached hereto as **Exhibit "C"**.

19. On September 10, 2014, Leyden terminated his employment with Living Color. A true and correct copy of Leyden's resignation letter is attached hereto as **Exhibit "D"**.

20. Subsequent to the termination of Living Color's relationships with New Era, JT, and Leyden, Aqua Tech began distributing products bearing the Mark.

21. Living Color has complied with all conditions precedent to bringing these claims, or such conditions have been waived, excused or prevented.

22. Living Color has filed a related lawsuit against New Era, Aqua-Tech Co., JT, and Leyden in this Court styled as <u>Living Color v. New Era, et. al</u>, No. 14-62216-CIV-MARRA/MATTHEWMAN, with respect to the infringement, misconduct, and misappropriations of same.

23. Living Color has retained the law firm of Roetzel & Andress, LPA to represent it in this action, and is obligated to pay that firm a fee for its services.

## COUNT I – TRADEMARK INFRINGEMENT

Living Color re-alleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

24. Living Color has used, promoted, and advertised the Mark continuously since 2009, and has acquired substantial common law rights in the trademark. Additionally, in 2009, New Era relinquished ownership of the trademark rights for the Mark in the United States to Living Color.

25. Aqua Tech is using the identical Mark to sell related and competitive products to other distributors or directly to end users in the same trade geographical area in which Living Color has already established its trademark.

26. Aqua Tech's use of an identical name and mark in association with the same types of products is likely to cause confusion or deceive purchasers as to the source of Living Color's products, and constitutes trademark infringement, false designation of origin, false representation and false description in violation of 15 U.S.C. § 1125(a).

27. Aqua Tech's infringement is willful and entitles Living Color to recover damages sustained as a result of his unlawful conduct, including his profits, Living Color's damages, trebled, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117.

28.     Aqua Tech has thereby caused, is causing, and will continue to cause Living Color serious and irreparable damage for which there is no adequate remedy at law and his acts will, unless enjoined by this Court, continue to damage Living Color.

29.     By reason of Aqua Tech's foregoing conduct, Nuggehalli is liable as a general partner of Aqua Tech to Living Color for damages to be determined at trial.

WHEREFORE, Living Color demands judgment against Nuggehalli for damages, interest, attorney's fees, costs, and such further relief as the Court deems appropriate and just.

## COUNT II – COMMON LAW UNFAIR COMPETITION

Living Color re-alleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

30.     Aqua Tech is a competitor for a common pool of customers, i.e., owners of public and private aquariums and marine animals.

31.     The foregoing conduct of Aqua Tech, resulting in the misappropriation of Living Color's entire business, reputation, employees, and customers constitutes an unfair method of competition. That is, to completely remove Living Color from the market for marine animal food, Aqua Tech, at a time when New Era, JT, and Leyden were each engaged in business relationships with Living Color, endeavored to destroy Living Color's marine animal food business. The plot included a complete timeline for the divestiture of Living Color's business, employees, and the Mark. Aqua Tech carried out the plot to fruition, leaving Living Color without any conceivable method of continuing its marine animal food business line.

32.     As a result of Aqua Tech's involvement in the plot, Living Color lost the valuable goodwill associated with its business and the Mark, Living Color's customers have been

confused and/or misled regarding the origin of goods associated with the Mark and Living Color has been deprived of its key employees responsible for continuation of this business line.

33. As a consequence of the foregoing, Living Color has suffered and will continue to suffer irreparable harm and loss.

34. Upon information and belief, Aqua Tech's violations of Florida unfair competition common law have been willful and deliberate.

35. By reason of Aqua Tech's foregoing conduct, Nuggehalli is liable as a general partner of Aqua Tech to Living Color for damages to be determined at trial.

WHEREFORE, Living Color demands judgment against Nuggehalli for damages, plus interest, costs, and such further relief as this Court deems just and proper.

## COUNT III – AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY

Living Color re-alleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

36. From on or about January 10, 2011 through September 5, 2014, JT was employed by Living Color as its Sales Manager. In that position, JT was tasked with independently running the entire marine animal food business unit for Living Color and reported directly to its Chief Executive Officer. JT was directly, primarily, and fully responsible for managing and developing Living Color's operations, sales, and marketing with respect to Living Color's marine animal food business in the United States, leading Living Color's sales force, and serving as Living Color's primary agent with Living Color's customers and New Era. Accordingly and as a result of his high-level position, Living Color placed a special degree of trust and confidence in JT and did, in fact, trust and confide in him. Living Color provided JT with the means for running the business unit as well as its confidential sales techniques, know how, and access to

7

clients from Living Color's other business lines. By virtue of his position with Living Color, JT owed Living Color a fiduciary duty of loyalty, and an overall duty to act in Living Color's best interests.

37. JT willfully and knowingly breached his fiduciary duty to Living Color, and consciously disregarded its best interests, by: (1) while still employed by Living Color, coordinating the termination and misappropriation of the Business Relationship; (2) while still employed by Living Color, coordinating the selection of a successor exclusive distributor for New Era and JT's placement as Director of Sales with the new distributor; (3) while still employed by Living Color, soliciting Living Color's employees, including Leyden; (4) directly or indirectly competing with Living Color; (5) directly or indirectly disclosing Living Color's trade secrets, and/or other valuable confidential and proprietary information to third-parties, including Aqua-Tech; and (6) deriving an improper benefit from the foregoing.

38. From on or about April 2013 through September 10, 2014, Leyden was employed by Living Color as its East Coast Regional Sales Representative and was one of three key personnel in Living Color's marine animal food business line. In that position, Leyden reported directly to JT and was secondarily responsible for developing and managing Living Color's marine animal food business in the eastern parts of the United States. Accordingly and as a result of his high-level position, Living Color placed a special degree of trust and confidence in Leyden and did, in fact, trust and confide in him. Living Color provided Leyden with the means for running his part of the business unit as well as its confidential sales techniques, know how, and access to clients from Living Color's other business lines. By virtue of his position with Living Color, Leyden owed Living Color a fiduciary duty of loyalty, and an overall duty to act in Living Color's best interests.

39. Leyden willfully and knowingly breached his fiduciary duty to Living Color, and consciously disregarded its best interests, by: (1) while still employed by Living Color, coordinating the termination and misappropriation of the Business Relationship; (2) while still employed by Living Color, coordinating the selection of a successor exclusive distributor for New Era and Leyden's placement as Regional Sales Representative with the new distributor; (3) directly or indirectly competing with Living Color; (4) directly or indirectly disclosing Living Color's trade secrets, and/or other valuable confidential and proprietary information to third-parties, including Aqua-Tech; and (5) deriving an improper benefit from the foregoing.

40. As a direct and proximate result of said breaches of fiduciary duty by JT and Leyden, Living Color has been damaged.

41. Aqua Tech knowingly induced and participated in the breaches of fiduciary duties by JT and Leyden.

42. Aqua Tech substantially assisted or encouraged the breaches of fiduciary duties by JT and Leyden because it had a high conscious intent and motivation to aid the breaches. As reflected in Exhibit A, Aqua Tech coordinated the breaches in detail and even planned for the sequence in which various breaches of fiduciary duty by JT and Leyden would occur. Aqua Tech was motivated to aid in the breaches to further its own objectives in misappropriating Living Color's marine animal food business unit, the Mark, and Living Color's trade secrets for the benefit of itself and New Era.

43. Aqua Tech's conduct has proximately caused, and will continue to cause, Living Color to suffer substantial damages.

44. Living Color has been directly and substantially injured by reason of Aqua Tech's aiding and abetting JT and Leyden in the breaches of fiduciary duties.

45. Further, Living Color is entitled to injunctive relief, profits stemming from Aqua Tech's aiding and abetting breaches of fiduciary duty, actual, compensatory, and any other remedies provided by applicable law.

46. By reason of Aqua Tech's foregoing conduct, Nuggehalli is liable as a general partner of Aqua Tech to Living Color for damages to be determined at trial.

WHEREFORE, Living Color demands judgment against Nuggehalli for damages, plus interest, costs, and such further relief as this Court deems just and proper.

## COUNT IV – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

Living Color re-alleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

47. Aqua Tech knew of the Business Relationship and Living Color's employment relationships with JT and Leyden (collectively, the "Employment Relationships").

48. To promote its interests and to damage the business of Living Color, Aqua Tech intentionally, maliciously, and without justification interfered with the Business Relationship and Employment Relationships by coordinating the termination and misappropriation of same.

49. Aqua Tech's conduct has proximately caused, and will continue to cause, Living Color to suffer substantial damages.

50. Further, Living Color is entitled to injunctive relief, profits stemming from Aqua Tech's tortious interference with advantageous business relationships, actual, compensatory, and any other remedies provided by applicable law.

51. By reason of Aqua Tech's foregoing conduct, Nuggehalli is liable as a general partner of Aqua Tech to Living Color for damages to be determined at trial.

WHEREFORE, Living Color demands judgment against Nuggehalli for damages, plus interest, costs, and such further relief as this Court deems just and proper.

### COUNT V - MISAPPROPRIATION OF TRADE SECRETS
### FLA. STAT. § 688.001, et seq.

Living Color re-alleges and incorporates paragraphs 1 through 23 as though fully set forth herein.

52. Living Color owns valuable rights in its trade secrets, to wit, its customer lists and other confidential and proprietary business information (the "Trade Secrets").

53. By virtue of its improper communications, solicitation, and subsequent business relationships with New Era, JT, and Leyden, Aqua Tech became aware of, obtained, and misappropriated Living Color's Trade Secrets and is currently using them in competition with Living Color.

54. The actions of Aqua Tech described above have at all times relevant to this lawsuit been willful and/or knowing.

55. As a direct and proximate result of the actions of Aqua Tech alleged above, Living Color has been damaged by Aqua Tech's misappropriation of trade secrets.

56. By reason of Aqua Tech's foregoing conduct, Nuggehalli is liable as a general partner of Aqua Tech to Living Color for damages to be determined at trial.

WHEREFORE, it is respectfully requested that this Court enter a final judgment in favor of Living Color and against Nuggehalli, enjoining Nuggehalli from any further use of the Trade Secrets under Fla. Stat. § 688.003, for damages, attorneys' fees and costs under Fla. Stat. § 688.004, and for such other, further and different relief the Court may deem just, proper and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Living Color hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Vijay G. Brijbasi
Lori L. Heyer-Bednar
Florida Bar No. 768170
Vijay G. Brijbasi, Esq.
Florida Bar No. 15037
Ilona I. Katrus, Esq.
Florida Bar No. 41249
**ROETZEL & ANDRESS, LPA**
350 Las Olas Blvd., Suite 1150
Fort Lauderdale, FL 33301
Tel.: (954) 759-2731
Fax: (954) 462-4260
E-mail: lheyer@ralaw.com